UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT BEAM

v.

                                                              Case No.: 8:15-cv-2562-T-24-TGW
                                                                                8:14-cr-34-T-24-TGW

UNITED STATES OF AMERICA
_____/

**ORDER**

This cause comes before the Court on Petitioner Robert Beam's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 and the memorandum in support thereof. (Civ. Doc. 5). The Government filed a response in opposition. (Civ. Doc. 13). Petitioner filed a reply. (Civ. Doc. 20). Upon review, the Court denies Petitioner's § 2255 motion and finds that a hearing on the motion is unnecessary.

**I.    Background**

On July 25, 2014, Petitioner pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute a quantity of a mixture and substance containing a detectable amount of 3, 4-Methylenedioxy-N-methylcathinone Hydrochloride (methylone/MDMC), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. (Crim. Doc. 119).

During his plea colloquy, Petitioner stated there was nothing in the plea agreement's statement of facts that he disputed or disagreed with. (Crim. Doc. 155 at 7). He acknowledged that (1) he ordered the MDMC; (2) he arranged for the package of MDMC to be sent from China; (3) he arranged for his co-defendant to get the package; and (4) he knew the package contained MDMC. (Crim. Doc. 155 at 7–8). The Magistrate Judge discussed with Petitioner the fact that, by pleading guilty, he was waiving any defense he had to the charges against him as

well as any claim of an unlawful search or seizure; Petitioner stated he understood. (Crim. Doc. 155 at 12). Petitioner stated he was satisfied with his counsel's representation and, when asked if there was anything counsel could have done in his case that he did not do, Petitioner responded "No." (Crim. Doc. 155 at 12–13).

On October 29, 2014, the Court sentenced Petitioner to 108 months' imprisonment and 3 years' supervised release. (Crim. Doc. 113).[1] At sentencing, Petitioner's counsel did not challenge the sentencing enhancement for importation, but he did challenge the leadership role enhancement, which challenge the Court rejected. (Crim. Doc. 154 at 10–16). In his statement before the Court, Petitioner expressed regret about getting involved in drugs and suggested that his drug-related activity derived from his "desperate need for money." (Crim. Doc. 154 at 20).

Petitioner did not file a direct appeal. On October 27, 2015, he submitted a timely § 2255 motion to the prison mailing system for filing with this Court. (Civ. Doc. 1). But because it did not conform to Rule 2(d) of the *Rules Governing Section 2255 Cases in the United States District Courts*, the Court denied the motion without prejudice on November 3, 2015. (Civ. Doc. 4). Petitioner submitted the instant § 2255 motion to the prison mailing system on November 17, 2015. (Civ. Doc. 5). The Government filed a response in opposition. (Civ. Doc. 13). Petitioner filed a reply. (Civ. Doc. 20).

## II.    Motion to Vacate Sentence

Petitioner raises two grounds in his motion to vacate. In Ground One, Petitioner argues his counsel was ineffective both before Petitioner's plea and at sentencing. In Ground Two, citing *McFadden v. United States*, 135 S. Ct. 2298 (2015), Petitioner argues there was no evidence he had any knowledge he was dealing with an illegal substance. As explained below,

---

[1] The Court entered an amended judgment on November 5, 2014 that changed only the offense language. (Crim. Doc. 119).

2

the Court rejects these arguments. Petitioner did not receive constitutionally deficient counsel, and his sworn statements belie his claimed lack of knowledge.

### A.     Ground One: Ineffective Assistance of Counsel

In Ground One, Petitioner argues his counsel[2] was ineffective before Petitioner's guilty plea by failing to file pre-trial motions concerning (1) the warrantless search of the package intercepted by postal authorities, which was determined to contain a controlled substance, (2) the lack of a lab analysis of the substance contained in the package, (3) the lack of a weight determination of the substance, and (4) the lack of a determination of where the substance was made.[3] Petitioner also argues his counsel was ineffective at sentencing by failing to contest sentencing enhancements concerning Petitioner's leadership role and his import of the controlled substance.[4] These claims are cognizable under § 2255. *See Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004). But for the reasons stated below, they are without merit.

### 1.     Standard of Review

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a

---

[2] Petitioner takes issue with the fact that the judgment in his case indicates he was represented by a CJA-appointed attorney, (Civ. Doc. 5-1 at 8, 18), though he privately hired an attorney. The judgment was incorrect in this regard. Petitioner's attorney was privately retained.

[3] To the extent Petitioner attempts to challenge directly his conviction on grounds of evidentiary sufficiency, his claims are incognizable. *See Lynn v. United States*, 365 F.3d 1225, 1232–33 (11th Cir. 2004) (discussing cognizability under § 2255 and stating, "a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal").

[4] To the extent Petitioner attempts to challenge directly his sentence, his claim is incognizable. *See Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) ("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines [even though he pleaded guilty], the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255.") (citing *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995)).

defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *See id*.

To succeed on an ineffective-assistance-of-counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The reasonableness of an attorney's performance must be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *See id*. at 690. The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered a sound trial strategy." *Id*. at 689.

Simply showing that counsel erred is insufficient. *See id*. at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. *See id*. at 692. Therefore, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *See id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

## 2. Analysis

Petitioner first argues his counsel was constitutionally ineffective because he did not file a series of pre-trial motions to challenge (1) the warrantless search of a package intercepted by postal authorities, (2) the lack of lab analysis of the substance contained in the package, (3) the lack of a weight determination of the substance, and (4) the lack of a determination of where the

substance was made. Petitioner references the affidavit supporting the complaint filed against him in the underlying criminal case, in which a United States Postal Inspector describes his interception of a parcel containing a controlled substance. Petitioner notes that the affidavit does not indicate the package "was opened with the consent of the individual to whom it was addressed or that a search warrant was obtained for the parcel." (Civ. Doc. 5-1 at 9). He also contends the field test of the substance within that package "is suspicious," (Civ. Doc. 5-1 at 9), and he states that although he pleaded guilty to conspiring to distribute MDMC, the criminal complaint referenced a different chemical compound, MDMA.[5] (Civ. Doc. 5-1 at 12). Petitioner argues his counsel was ineffective for neither making a determination, nor requesting that the Government make a determination, as to the chemical composition of the substance (MDMC or MDMA), its weight, and the year and location in which it was manufactured.

Petitioner's ineffective-assistance-of-counsel claim premised on these arguments fails. Attached to the Government's response in opposition to Petitioner's § 2255 motion is an affidavit of Petitioner's counsel, in which he states: "The issue of pretrial motions was thoroughly discussed and Mr. Beam made the decision not to pursue any motions in favor of cooperating with the government." (Civ. Doc. 13-1 at 2). Counsel's performance cannot be deemed to have fallen below an objective standard of reasonableness, given his discussions with Petitioner regarding the pretrial motions and Petitioner's ultimate decision to abandon those arguments in favor of cooperating with the Government. Furthermore, Petitioner has not established that there was a reasonable probability that the results would have been different had his counsel filed any such pretrial motions.

---

[5] Although the criminal complaint identified the controlled substance as MDMA, Petitioner was indicted for conspiracy to distribute MDMC. (Crim. Doc. 18).

In any event, Petitioner waived his right to raise any of these arguments—as defenses to the charge or as a claim under the Fourth Amendment—when he pleaded guilty. And he acknowledged he understood the fact of this waiver in his plea colloquy. Counsel cannot be ineffective for failing to raise arguments that his client has waived by plea agreement. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (affirming district court's dismissal of § 2255 ineffective-assistance-of-counsel claim where petitioner's arguments involved pre-plea issues but did not challenge the voluntary or knowing nature of the plea).

Petitioner's next ineffective-assistance-of-counsel argument concerns his counsel's alleged failure to contest leadership and importation enhancements at sentencing. Petitioner contends his role in the conspiracy did not satisfy the conditions for a leadership enhancement, but counsel failed to make that argument. (Civ. Doc. 5-1 at 21–22). He also argues that although the Government offered no proof that Petitioner knew he was importing an illegal drug, counsel did not contest the importation enhancement. (Civ. Doc. 5-1 at 23).

Petitioner's argument fails on both points. First, counsel did contest the leadership enhancement at sentencing. (Crim. Doc. 154 at 10–13). Although he abandoned some of the facts underpinning his argument, he argued the points for which he had a good faith basis. Having heard counsel's argument and the Government's response, the Court overruled counsel's objection and found the leadership enhancement was appropriate. (Crim. Doc. 154 at 10–16).

As to the Petitioner's argument concerning the importation enhancement, his collateral arguments directly contradict his sworn statements during his plea colloquy. Before the Magistrate Judge, Petitioner acknowledged that (1) he ordered the MDMC; (2) he arranged for the package of MDMC to be sent from China; (3) he arranged for his co-defendant to get the package; and (4) he knew the package contained MDMC. (Crim. Doc. 155 at 7–8). "There is a

strong presumption that statements made during the plea colloquy are true." *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (citation omitted). Consequently, Petitioner "bears a heavy burden to show that his statements under oath were false." *Id.* (citation omitted). Petitioner has not demonstrated that his sworn statements were false.

In neither instance can counsel's performance be deemed constitutionally insufficient. Evaluating counsel's arguments at sentencing from his perspective at the time and in light of all the circumstances, the Court concludes counsel provided reasonable assistance. Moreover, Petitioner has not shown a reasonable probability that, but for counsel's representation at sentencing, the result would have been different. Accordingly, the Court concludes Petitioner is not entitled to relief under Ground One of his § 2255 motion.

**B.     Ground Two: Lack of Knowledge under *McFadden v. United States***

In Ground Two, Petitioner argues the Government failed to establish Petitioner knew he was dealing with a "controlled substance" and, absent proof that Petitioner had such knowledge, Petitioner should not have been prosecuted for violating the Controlled Substances Act, 21 U.S.C. § 841(a)(1) ("CSA"). Petitioner's argument relies on *McFadden v. United States*, 135 S. Ct. 2298 (2015), in which the Supreme Court held:

> [Section] 841(a)(1) requires the Government to establish that the defendant knew he was dealing with "a controlled substance." When the substance is an analogue,[6] that knowledge requirement is met if the defendant knew that the substance was controlled under the CSA or the [Controlled Substance Analogue Enforcement Act, 21 U.S.C. § 802(32)(A) ("Analogue Act")], even if he did not know its identity. The knowledge requirement is also met if the defendant knew the specific features of the substance that make it a "controlled substance analogue."

---

[6] An "analogue" is one of a category of substances that the Analogue Act has identified as being "substantially similar to those listed on the federal controlled substance schedules, 21 U.S.C. § 802(32)(A)" and has "instruct[ed] courts to treat . . . as controlled substances listed on schedule I for purposes of federal law, § 813." *McFadden*, 135 S. Ct. at 2302.

135 S. Ct. at 2302 (quoting 21 U.S.C. § 802(32)(A)). Petitioner contends *McFadden* announced a new substantive rule that is retroactively applicable to Petitioner's § 2255 motion.

Even assuming the holding in *McFadden* is cognizable and applicable retroactively to Petitioner's § 2255 motion, Petitioner's sworn statements and admissions demonstrate that, factually, the holding would not entitle Petitioner to relief. During his plea colloquy, Petitioner stated there was nothing in the plea agreement's statement of facts that he disputed or disagreed with, and he acknowledged that (1) he ordered the MDMC; (2) he arranged for the package of MDMC to be sent from China; (3) he arranged for his co-defendant to get the package; and (4) he knew the package contained MDMC. (Crim. Doc. 155 at 7–8). And at sentencing, Petitioner admitted that he got involved in drugs because he desperately needed money. (Crim. Doc. 154 at 20). These sworn statements demonstrate that Petitioner knew he was dealing with MDMC and that he knew MDMC was a controlled substance.

As the Court stated previously, "[t]here is a strong presumption that statements made during the plea colloquy are true." *Patel*, 252 F. App'x at 975 (citation omitted). And Petitioner has not satisfied the "heavy burden" of showing that his sworn statements were false. In any event, Petitioner waived any defense to the charges against him by pleading guilty. (Crim. Doc. 72 at 18). Accordingly, the Court concludes Petitioner is not entitled to relief under Ground Two of his § 2255 motion.

### C.   Request for Evidentiary Hearing.

Petitioner requests an evidentiary hearing on his § 2255 motion. He is not entitled to an evidentiary hearing, nor is there any need for one in this case. Petitioner bears the burden of establishing the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). In deciding whether to grant an evidentiary hearing, a federal court must consider

whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "That means that if a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Id*. Here, the allegations in Petitioner's § 2255 motion lack merit, and he is not entitled to an evidentiary hearing.

### III.     Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**.  The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a Certificate of Appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

      **DONE AND ORDERED** at Tampa, Florida, this 26th day of August, 2016.

                                                                SUSAN C. BUCKLEW
                                                                United States District Judge

Copies to:
Counsel of Record
*Pro Se* Petitioner